No. 1002, Harry R. Roberson, Treasurer of the Village of Santa Rosa, New Mexico, Plaintiff, v. The Citizens' Lumber Company, Defendant, as to the issues of fact and questions of law shall be accepted in this suit, both cases being similar in the issues raised. The right of appeal is reserved. by both parties."

They have failed to incorporate in this transcript of record the findings and conclusions in the case referred to, and the evidence introduced in that case is not brought into this record. For this reason there is nothing here for consideration, even if we should assume that the certificate of the clerk shows sufficiently the filing of the papers referred to in the office of the clerk of the district court.

The appeal in this case will therefore be dismissed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.

---

(No. 2384.  Dec. 4, 1919.)

## CORNETT v. FULFER.

### SYLLABUS BY THE COURT.

Where record fails to disclose a judgment, order, or decision, final or interlocutory, the appeal will be dismissed upon motion therefor.

Appeal from District Court, De Baca County; Richardson, Judge.

Action by J. H. Cornett against J. P. Fulfer. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

R. A. PRENTICE, of Tucumcari, for appellant.

J. E. PARDUE and T. M. NOBLE, both of Ft. Sumner, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. The record in this case does not contain either a final judgment or an interlocutory judgment, order, or decision practically disposing of the merits of the case. The record does contain a memorandum opinion of the trial court upon a proposition of

law, but nothing else in the nature of a judgment. The memorandum opinion recites that an order may be prepared in accordance therewith; but, if any order or judgment was prepared, it was omitted from the record on this appeal.

Appeals are allowed in all civil actions from final judgments, and from such interlocutory judgments, orders, and decisions as practically dispose of the merits of the action. Sections 1 and 2, chapter 43, Laws 1917. As there is no judgment, order, or decision, final or interlocutory, contained in the record, the motion of appellee to dismiss the appeal is granted; and it is so ordered.

---

## FIRST NAT. BANK OF ELIDA v. GEORGE et al.

(No. 2385.    March 18, 1920.)

(Rehearing Denied April 24, 1920.)

### SYLLLABUS BY THE COURT.

1. By statute, Codification 1915, § 4336, questions arising on attachment proceedings may be appealed to the Supreme Court "either before or after rendition of judgment on the indebtedness sued for."    P. 177

2. In absence of statutory requirements, in an attachment suit a general judgment, execution, and levy on the property attached, while judgment does not mention the property attached nor order a special execution against it, does not thereby waive the attachment lien on said property.    P. 177

3. The verdict of a jury which is supported by substantial evidence will not be disturbed on appeal.    P. 178

4. Instructions requested which do not correctly state the law in an attachment case as to defendant's residence or nonresidence, his absence from his usual place of abode, etc., are properly refused.    P. 179

Appeal from District Court, Roosevelt County; Bratton, Judge.

Suit in attachment by the First National Bank of Elida against Cleve George and another with attachment. From a judgment dismissing the attachment, plaintiff appeals. Affirmed.